IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBRA FRADY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:05-CV-1467-JOF |
| LIBERTY MUTUAL INSURANCE | : |
| COMPANY, et al., | : |
| | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion to file under seal [20-1]; Defendants' motion for a protective order [25-1]; Plaintiff's motion for an extension of time to complete discovery [31-1]; and Plaintiff's motion for leave to file sur-reply [32-1].

Plaintiff, Debra Frady, filed suit against Defendants, Liberty Mutual Insurance Company, Liberty Life Assurance Company, Northside Hospital Cherokee Long Term Disability Benefits Plan, and Northside Hospital Cherokee, Inc., on June 3, 2005, contending that Defendants violated the Employment Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1001, *et seq.* by denying her application for long-term disability benefits.

Plaintiff served discovery on Defendants, including notices of Rule 30(b)(6) depositions, and written discovery covering topics such as: (1) the facts known concerning

the processing and eventual denial of Plaintiff's claim, (2) documents relied upon in evaluating Plaintiff's claim, (3) documents demonstrating compliance with "administrative processes and safeguards required in making a benefits determination," and (4) policies concerning the denied benefits without regard to whether such policies were actually relied upon in making the claims' determination.

Shortly after discovery opened, Liberty Mutual Insurance Company and Liberty Life Assurance Company filed the instant motion for a protective order in which they argue that because the court's review of the plan administrator's denial of Plaintiff's benefits will take place under a heightened arbitrary and capricious standard, the court may only review the materials available to the plan administrator at the time it made its decision – that is, the plan administrator's claims file.[1]  Because the court cannot consider any information outside of the claims file, the Liberty Defendants argue, discovery is improper and should not be permitted.  Plaintiff responds that discovery is not barred, even in heightened arbitrary and capricious cases, because the court must consider issues such as the routine practices of claims department and the conflict of interest of the plan administrator in reviewing the administrator's decision.[2]

---

[1]Defendants have produced to Plaintiff: the group policy, the certificate of insurance, and her claims file.

[2]Pursuant to this court's Standing Order 02-01, Plaintiff seeks leave to file her administrative claims file under seal as it contains medical records and financial information used by Defendants to process Plaintiff's claim. Defendants do not oppose this motion. The

Here, Defendants "concede" that a heightened arbitrary and capricious analysis should apply to the plan administrator's decision because while the administrator was vested with complete discretion to determine eligibility for benefits, Liberty Life insured the benefits, thereby triggering an inherent conflict of interest.[3]

In *Williams v. BellSouth Telecommunications, Inc.*, 373 F.3d 1132 (11th Cir. 2004), the court set forth a step-by-step process for a district court to review the decision of a plan administrator in an ERISA denial of benefits claim: (1) apply a *de novo* standard to determine whether the administrator's decision was "wrong," and if it is not, end the inquiry and affirm the decision; (2) if the decision is *de novo* wrong, determine whether the administrator was vested with discretion in reviewing claims; if not, end the inquiry and reverse the decision; (3) if the decision was *de novo* wrong, and the administrator was vested with discretion, determine whether "reasonable" grounds supported the decision; (4) if no reasonable grounds support the decision, end the inquiry and reverse the administrator's determination. If reasonable grounds exist, then determine whether the administrator has a conflict of interest; (5) if there is no conflict, end the inquiry and affirm the decision; (6) if there is a conflict,

---

court GRANTS Plaintiff's motion to file under seal [20-1].

[3]In her proposed sur-reply, Plaintiff leaves open the possibility that she may argue that *de novo* review is appropriate. The court's Local Rules, however, do not allow for the filing of sur-reply brief. The court has reviewed Plaintiff's proposed sur-reply. Because the information contained in it does not add to the court's consideration of Defendants' motion for a protective order, the court DENIES AS MOOT Plaintiff's motion for leave to file sur-reply [32-1].

3

apply heightened arbitrary and capricious review. Such a heightened standard of review would include determining whether a wrong, but apparently reasonable, decision was made to advance the conflicting interest of the administrator to the detriment of the claimant. An administrator would also be able to present evidence to show that the decision was made as a routine practice or was made to advance the interests of all beneficiaries over those of the claimant. *Id.* at 1138.

Of course, the motion before the court relates to discovery and not to the merits of Plaintiff's claim. The Eleventh Circuit has not addressed the appropriate scope of discovery in a denial of long-term disability benefits claim. Other circuit courts have touched upon the issue. For example, in *Pearlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975 (7th Cir. 1999), the court discussed the various layers of judicial review of a plan administrator's decision to deny benefits. In concluding that the plan administrator's decision was entitled to "deferential review," the Seventh Circuit stated that it

> follows from our conclusion that review of UNUM's decision is deferential that the district court erred in permitting discovery into UNUM's decision-making. There should not have been any inquiry into the thought processes of UNUM's staff, the training of those who considered Pearlman's claim, and in general who said what to whom within UNUM – all of which Pearlman was allowed to explore at length by depositions and interrogatories, and on some of which the district judge relied. Deferential review of an administrative decision means review on the administrative record. We have allowed parties to take discovery and present new evidence in ERISA cases subject to *de novo* judicial decisions, . . . but never where the question is whether a decision is supported by substantial evidence, or is arbitrary and capricious.

*Id.* at 981-82. The court went on to note, however, that

4

> discovery may be appropriate to investigate a claim that the plan's administrator did not do what it said it did – that, for example, the application was thrown in the trash rather than evaluated on the merits. But when there is no doubt that the application was given a genuine evaluation, judicial review is limited to evidence that was submitted in support of the application for benefits, and the mental processes of the plan's administrator are not legitimate grounds of inquiry any more than they would be if the decisionmaker were an administrative agency.

*Id.* at 982.

In *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19 (1st Cir. 2003), the court refused to allow the plaintiff discovery on whether other similarly situated claimants had also been denied benefits. *Id.* at 25-26. The court recognized that such information could be relevant to whether a plan administrator made a "reasonable" decision, but because the "plan's general standard is too vague and the variables in executive jobs are too numerous to expect that anyone else will be identically placed," that information was irrelevant. *Id.* Later, in *Glista v. Unum Life Ins. Co.*, 378 F.3d 113 (1st Cir. 2004), however, the court did allow discovery of the plan administrator's own documents used to interpret the language of its own plan and to establish the standard for evaluating facts presented. *Id.* at 122-23. The court found that such documents were "more analogous to an administrative agency's guidelines or regulations, which are routinely considered in evaluating whether an agency's actions were arbitrary or capricious." *Id.*

> The weight and admissibility of internal documents, whether those documents are offered in support of the interpretation of the plan administrator or that of the claimant, will vary with the facts of each case. . . . Where a plan administrator has chosen consistently to interpret plan terms in a given way,

5

> that interpretation is relevant in assessing the reasonableness of a plan administrator's decision.

*Id.* at 123. District courts have taken various positions on the issue.

The court finds that even if it eventually agrees with Defendants that the heightened arbitrary and capricious applies, under Eleventh Circuit precedent, that would not preclude consideration of any information outside the administrative record. For example, in *Lee v. Blue Cross*, 10 F.3d 1547 (11th Cir. 1994), the court determined that the plan administrator's decision should be reviewed under a heightened arbitrary and capricious standard. In remanding the case to the district court, the court instructed the district court to "consider evidence presented by (the plaintiff) to rebut (the defendant's) claims of lack of a profit motive or self-interest and by (the defendant) to demonstrate that its claims decision maximized benefits to plan participants." *Id.* at 1550. Similarly, in *HCA Health Services v. Employers Health Insurance Co.*, 240 F.3d 982 (11th Cir. 2001), the court noted that even if a plan administrator could show that its decision was not tainted by self-interest, a plaintiff could still show "by other measures that the administrator's decision was arbitrary and capricious." *Id.* at 995; *see also Williams*, 373 F.3d at 1139 (permitting administrator to show "routine practice" or a decision that benefits other beneficiaries of the plan).

Because the Eleventh Circuit allows a plan administrator's decision to be reviewed by these methods, the court finds that the Eleventh Circuit would anticipate at least some form of discovery. The court recognizes, of course, that such discovery should be limited in scope

6

to serve the goals of ERISA. The court finds that discovery of the sort anticipated by the Eleventh Circuit precedent would relate to the manner in which the claim was processed (with respect to any potential conflict of interest) and would not concern any additional information relating to the merits of Plaintiff's claim, itself, such as additional medical testimony. For example, numerous district courts have allowed discovery of: (1) the nature of the information considered by the administrator, (2) whether the administrator was competent to evaluate such information, (3) how the administrator reached its decision, (4) whether the administrator sought outside assistance to evaluate the information, and (5) whether a conflict of interest existed. *See*, *e.g.*, *Cerrito v. Liberty Life Assurance Co.*, 209 F.R.D. 663, 664 (M.D. Fla. 2002). Furthermore, the court cautions that when it gets to the stage of considering the parties' dispositive motions, it may find that it has no reason to go beyond the claims file. But, at this stage, the court cannot speculate what issues might develop at the merits stage – and that is the point of discovery.

In the briefing done by the parties here, Defendants seek a protective order against discovery in its entirety. The court does not agree that such an order would be appropriate and, therefore, denies Defendants' motion. The court finds, however, that as in all cases, the scope of discovery should be bounded by the law eventually to be applied to Plaintiff's claims. Therefore, the court will allow Defendants to renew their motion for a protective order against any particular discovery propounded by Plaintiff should they believe such discovery does not come within that anticipated by the court's order.

Plaintiff filed a motion to stay discovery and to extend the discovery period for four months after the court rules on Defendants' motion for a protective order. Plaintiff contends that she has propounded discovery on Defendants, but Defendants filed the motion for protective order rather than respond to Plaintiff's discovery requests. Defendants respond that if the court denies its motion for a protective order, they would not object to the extension of discovery for eighty-two days, the time remaining in the discovery period after Defendants filed their motion for a protective order. Because the parties engaged in only limited discovery prior to the time Defendants filed their motion for a protective order, the court grants Plaintiff's motion to extend the discovery period for four months from the date of this order.

The court GRANTS Plaintiff's motion to file under seal [20-1]; DENIES WITH LEAVE TO RENEW Defendants' motion for a protective order [25-1]; GRANTS Plaintiff's motion for an extension of time to complete discovery [31-1]; and DENIES AS MOOT Plaintiff's motion for leave to file sur-reply [32-1].

**IT IS SO ORDERED** this 12th day of January 2006.

                                        s/ J. Owen Forrester
                                          J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)